UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROBIN P. POGUE,<br><br>               Plaintiff,<br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>               Defendant. | Case No. 2:17-cv-00251-APG-GWF<br><br>**REPORT AND RECOMMENDATION**<br><br>**Re: Motion For Reversal and/or Remand (ECF No. 20)** |

This case involves judicial review of administrative action by the Commissioner of Social Security denying Plaintiff's claim for disability benefits under Titles II and XVI of the Social Security Act. Plaintiff's Complaint (ECF No. 1) was filed on February 1, 2017. Defendant's Answer (ECF No. 21) was filed on April 4, 2017. This matter has been submitted to the undersigned United States Magistrate Judge for Findings and Recommendations on Plaintiff's Motion for Reversal or Remand (ECF No. 20), filed on June 2, 2017, and the Commissioner's Cross-Motion to Affirm and Opposition to Plaintiff's Motion to Remand (ECF No. 23), filed on August 2, 2017. Plaintiff filed a Reply brief on August 22, 2017.

## BACKGROUND

### A. Procedural History

Plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income on January 18, 2012, alleging that she became disabled on May 1, 2010. Administrative Record ("AR") 345-353, 356-358. The Commissioner denied Plaintiff's claims initially on May 16, 2012. AR 222-226. Plaintiff filed a request for reconsideration on May 30, 2012, which was denied on February 11, 2013. AR 231-238. Plaintiff requested a

hearing before an Administrative Law Judge ("ALJ") which was conducted on November 13, 2013. AR 44-100. The ALJ issued a decision on January 10, 2014 in which he concluded that Plaintiff was not disabled and denied her application for benefits. AR 200-212. The Appeals Council reversed the ALJ's decision and remanded the claim for a further hearing and administrative proceedings. AR 218-220. The ALJ conducted a second hearing on March 16, 2015 at which Plaintiff and a vocational expert testified. AR 101-151. The ALJ issued his decision on June 18, 2015 and again concluded that Plaintiff was not disabled at any time from May 1, 2010 through the date of his decision. AR 255-36. The Appeals Council denied Plaintiff's request for review, AR 1-6, and she commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). This matter has been referred to the undersigned magistrate judge for a report of findings and recommendations pursuant to 28 U.S.C. §§ 636 (b)(1)(B) and (C).

### B. Factual Background.

The scope of Plaintiff's motion for reversal and remand is narrow. She argues that the ALJ misinterpreted the consultative examination report of Dr. Kirby Reed, dated April 17, 2015, and failed to give proper credit to his opinion that Plaintiff was not able to carry more than 10 pounds which rendered her unable to perform light work. Plaintiff also argues that the ALJ should not have credited the February 5, 2013 opinion of state agency physician, Dr. Jon Arnow, regarding Plaintiff's residual functional capacity because he did not consider the relevant medical records that were available at the time of Dr. Reed's assessment. The following factual background is limited to the issues raised by Plaintiff.

On May 11, 2012, Tara Moran, SDM ("Single Decisionmaker") prepared a residual functional capacity assessment which was consistent with Plaintiff having the ability to perform light work. AR 158-159, 168-169. On February 5, 2013, State Agency Physician, Dr. Jon Arnow, affirmed the initial residual functional capacity assessment as written, and found that Plaintiff was able to occasionally lift or carry 20 pounds, and could frequently lift or carry 10 pounds. She was able to stand or walk 6 hours in an 8-hour workday, and could sit for 6 hours in an 8-hour workday with normal breaks. She had unlimited ability to push and/or pull subject to

her lifting and carrying limitations. She had postural limitations. Plaintiff could occasionally climb ramps and stairs, stoop, kneel, crouch and crawl. She could frequently balance, but could never climb ladders, ropes or scaffolds. Plaintiff's postural limitations were based on her history of a thoracic spine fracture, chronic back pain, but no myelopathy on examination. Her gait and motor examination was normal. AR 181-182. Plaintiff had no manipulative, visual or communicative limitations. Her only environmental limitation was that she should avoid concentrated exposure to hazards such as machinery, heights, etc. AR 183.

As an additional explanation for his Residual Functional Capacity ("RFC") determination, Dr. Arnow stated:

> RECON AFFIRMATION OF INITIAL RFC AS IT WAS WRITTEN.
> *Normal gait.
>
> MC COMMENT:
> Although clmt radiographically has chronic compression fracture of T12, there is no myelopathy or motor weakness on exam. Clmt treated for chronic pain with opiate medication with 70 to 90% relief noted with no side effects. Headaches did not reach listing level. The statement of evidence in determination of 5/11/12, except as modified herein, is hereby incorporated by reference, but not the inferences, the findings or the conclusion based thereon. There is no persuasive evidence to reduce the RFC below light exertion.

AR 183.

Dr. Kirby Reed, neurologist, performed a disability examination of Plaintiff on April 17, 2015. AR 1128-1131. He appended to his report a "Medical Source Statement of Ability To Do Work Related Activities" (hereinafter "Medical Source Statement") setting set forth his estimate of Plaintiff's residual functional capacity. AR 1132-1137. Dr. Reed reviewed medical records that were provided for purposes of his consultative examination. AR 1128-29.

Dr. Reed stated that Plaintiff provided the following history: She had had seizures in a hospital setting, but never outside a hospital. She was not on anticonvulsant medication, had no restrictions on her driver's license, and was told that she does not have epilepsy. Plaintiff reported that she had headaches since childhood. She had been having them daily for five years. They lasted hours in duration and were partially responsive to Fioricet medication. The

headaches were located in the left temporal region, were sharp in type, and were associated at times with nausea and vomiting. She was also sensitive to sound and light. She had received multiple evaluations for her headaches and they were deemed genetic in origin. Plaintiff stated that she had a problem with her right knee buckling since 2009. Her doctors had no answer why this problem occurred. She had experienced constant dizziness since 2014. She had not seen an audiologist, ENT (ear, nose and throat) physician, or had inner ear testing. All radiographic studies had been normal. Plaintiff denied neck or lower back pain. She stated that she fell out of bed in the hospital in 2009, and had thoracic pain since that time. She had a documented compression fracture at two levels. She took Benicar medication for high blood pressure. AR 1129. Plaintiff reported that she had a left lung mass that had been biopsied and was not cancerous. She took care of her personal hygiene and cooked meals, but did not wash dishes, do laundry, or clean her house. She no longer drove an automobile and did not go shopping. She was computer literate. AR 1130.

      Dr. Reed reported the following neurological examination findings: On motor examination, there was normal tone, bulk and strength 5/5 in all four extremities. MSR were 1-2 with flexor toes and no clonus. RAM and SSM were normal. Plaintiff performed one repetitive half chair squat stating that her legs were too weak. The sensory examination findings were unusual. Plaintiff claimed that she hardly felt light touch, vibration or position sense in all fingers on both hands. She stated that she could not identify written numbers but could identify a coin, safety pin, and paper clip readily. Sensation in the lower extremities was normal.

      Under cerebellar examination, Dr. Reed stated that Plaintiff's finger to nose and heal to shin were normal. She could stand with her feet together with eyes open and closed. She would only do toe/heal walking with hand support, and walked around the examination room by holding onto walls and furniture. "However, when she was doing the 10 step sequential command, she walked directly across the room carrying a doctor's bag not utilizing any other structures for balance." AR 1130.

Dr. Reed's assessment was that Plaintiff was "amplifying her complaints. She has no weakness in the right lower extremity even though she says it gives way. When it does give way, there is no associated pain." AR 1131. He noted that the MRI of the thoracic spine showed no cord compression or spinal stenosis, or any obvious encroachment of neural elements. Plaintiff had normal range of motion of the lower spine and admitted that she had no low back pain. Although Plaintiff stated that she could not walk without a cane and without using chairs, walls, or other structures, she "apparently forgot this when she completed the 10 step sequential command where she walked unaided." AR 1131. Dr. Reed stated that Plaintiff's sensory examination responses were "bizarre and not believable." She stated that she could not feel anything in the hands or identify numbers, but correctly identified multiple objects including distinguishing between a safety pin and a paper clip rapidly. Dr. Reed concluded: "It is impossible to evaluate [Plaintiff's] true limitation under the circumstances. It is clear that she can do much more than she claims." AR 1131.

In his Medical Source Statement, Dr. Reed checked the boxes indicating that Plaintiff could lift and/or carry up to 10 pounds frequently or occasionally. Adjacent to the box for lifting, Dr. Reed stated: "Cannot determine." This notation also appears to include the box for the weight that Plaintiff was capable of carrying, although this can be debated. AR 1132. *See Exhibit "1"* to this Report and Recommendation. Dr. Reed checked the boxes indicating that Plaintiff could sit for four hours at one time without interruption, and could sit for a total of 8 hours in an 8-hour workday. He indicated that he could not determine Plaintiff's ability to stand or walk for a given period of time without interruption, or the total time that she could stand or walk in an 8-hour workday. AR 1133. Dr. Reed stated that Plaintiff did not need a cane to ambulate. AR 1133. He stated that she was frequently able to reach overhead and otherwise, and to handle, finger, feel and push/pull with both hands. She could also frequently use both feet to operate foot controls. AR 1134. Under "Postural Activities," Dr. Reed stated that Plaintiff could occasionally climb stairs and ramps, but could never climb ladders or scaffolds. He could not determine her ability to balance, stoop, kneel, crouch and crawl. He concluded that she did not have any impairments that affected her hearing or vision. AR 1135.

1  Under "Environmental Limitations," Dr. Reed stated that Plaintiff could never be
2  exposed to unprotected heights, but could be occasionally exposed to moving, mechanical parts,
3  operate a motor vehicle, be exposed to humidity and wetness, dust, orders fumes and pulmonary
4  irritants, extreme cold or heat, and vibrations. She could tolerate moderate exposure to noise in
5  an office. AR 1136. He found that Plaintiff could perform all of the following activities:
6  shopping, travel without a companion for assistance, ambulate without a wheel chair, walker,
7  canes or crutches, climb a few steps at a reasonable pace with the use of a single wall handrail,
8  take care of personal hygiene and sort, handle or use paper/files. He stated that it was unclear
9  whether Plaintiff was able to walk a block at a reasonable pace, or use standard public
10  transportation. AR 1137.

**C. ALJ's Decision.**

12  The ALJ summarized Dr. Reed's April 17, 2015 report in his decision. AR 33. He stated
13  that he considered and gave great weight to opinions of the "physical State agency review
14  physicians" who stated that Plaintiff had the residual functional capacity to perform light work.
15  AR 33. The ALJ stated that "in determining the claimant's residual functional capacity, no
16  single assessment had been completely adopted as the residual functional capacity determined
17  herein. Instead, I have adopted a residual functional capacity that is best supported by the
18  objective evidence as a whole." AR 33. The ALJ found that Plaintiff had "the residual
19  functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b).
20  Specifically, the claimant could lift and/or carry ten pound frequently, twenty pounds
21  occasionally; she could sit for six hours out of an eight-hour workday; she could stand and/or
22  walk for six hours out of an eight-hour workday; and she could do all postural activities on an
23  occasional basis." AR 29.
24  Based on this residual functional capacity assessment and the testimony of the vocational
25  experts, the ALJ found that Plaintiff could perform her past relevant work as a senior project
26  engineer, as generally performed pursuant to the Dictionary of Occupational Titles ("DOT").
27  AR 34. He also found that she was able to perform other light and sedentary jobs such as office
28  helper, mail clerk, packer, information clerk, document preparer, and order clerk. AR 35. He

therefore concluded that Plaintiff had not been under a disability from May 1, 2010 through the date of his decision.  AR 36.

## DISCUSSION

### I. Standard of Review

A federal court's review of an ALJ's decision is limited to determining (1) whether the ALJ's findings were supported by substantial evidence and (2) whether the ALJ applied the proper legal standards. *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996); *Delorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991).  The Ninth Circuit has defined substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lewis v. Apfel*, 236 F.3d 503, 509 (9th Cir. 2001); *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).  The Court must look to the record as a whole and consider both adverse and supporting evidence. *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Where the factual findings of the Commissioner of Social Security are supported by substantial evidence, the District Court must accept them as conclusive. 42 U.S.C. § 405(g). Hence, where the evidence may be open to more than one rational interpretation, the Court is required to uphold the decision. *Moore v. Apfel*, 216 F.3d 864, 871 (9th Cir. 2000) (quoting *Gallant v. Heckler*, 753 F.2d 1450, 1453 (9th Cir. 1984)); *see also Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  The court may not substitute its judgment for that of the ALJ if the evidence can reasonably support reversal or affirmation of the ALJ's decision. *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995).

It is incumbent on the ALJ to make specific findings so that the court need not speculate as to the findings. *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981) (citing *Baerga v. Richardson*, 500 F.2d 309 (3rd Cir. 1974)).  In order to enable the court to properly determine whether the Commissioner's decision is supported by substantial evidence, the ALJ's findings "should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Lewin*, 654 F.2d at 635.

1   In reviewing the administrative decision, the court has the power to enter "a judgment
2   affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or
3   without remanding the cause for a rehearing." 42 U.S.C. § 405(g). In the alternative, the court
4   "may at any time order additional evidence to be taken before the Commissioner of Social
5   Security, but only upon a showing that there is new evidence which is material and that there is
6   good cause for the failure to incorporate such evidence into the record in a prior proceeding." *Id.*

**II. Whether the ALJ erred in failing to properly evaluate Dr. Reed's opinion and in according great weight to the opinion of the state agency physician.**

Plaintiff argues that "Dr. Reed provided both concrete limitations regarding some specific work categories while expressing lack of certainty regarding other work categories. For instance, with respect to lifting, Dr. Reed stated that Robin Pogue could lift up to 10 pounds, but Dr. Reed was uncertain regarding whether Pogue could lift heavier weights. AR 1132. With respect to carrying, however, Dr. Reed stated that Robin Pogue could carry only up to 10 pounds. *Id.* Dr. Reed did not qualify this opinion with any expression of uncertainty." *Motion for Reversal* (ECF No. 20), at 6-7. Plaintiff further asserts that "[t]he ability to perform light work requires lifting and carrying up to 20 pounds. Social Security Ruling 83-10, 1983 WL 31251 (S.S.A. 1983). The ability to carry only up to 10 pounds is effectively commensurate with the ability to perform sedentary exertion." *Id.* Plaintiff further argues that even if there is conflict or ambiguity in Dr. Reed's assessment, the ALJ was required to recognize and resolve the ambiguity with an appropriate explanation. Instead, "the ALJ impermissibly ignored the limitations set forth in Dr. Reed's assessment form, which resulted in the ALJ's failure to recognize any conflict or ambiguity and failure to provide an explanation as to how the conflict or ambiguity was resolved in violation of SSR 96-8p." *Id.* at 9.

Plaintiff's assertion that a limitation to frequently carrying up to 10 pounds precludes the ability to perform light work is incorrect. Light work "involves lifting no more than **20** pounds at a time *with frequent lifting or carrying of objects weighing up to 10 pounds. . . .*" 20 C.F.R. § 404.1567(b) and 20 C.F.R. § 416.967 (Emphasis added). *See also* Social Security Ruling 83-10, 1983 WL 31251, at *5 ("The regulations define light work as lifting no more than 20 pounds at a

time with frequent lifting or carrying of objects weighing up to 10 pounds."). Dr. Reed's finding that Plaintiff could frequently carry up to 10 pounds is therefore consistent with the ability to perform light work. (Dr. Arnow stated in his RFC assessment that Plaintiff could occasionally lift and or carry 20 pounds and frequently lift and carry 10 pounds. AR 182.)

Plaintiff concedes that Dr. Reed was uncertain regarding whether Plaintiff could lift more than 10 pounds at a time based on the notation he placed to the right of the box stating: "Cannot determine." Plaintiff argues that this notation does not encompass the box regarding carrying ability. It appears, however, that the notation applies to both the lifting and carrying assessments. There is nothing in Dr. Reed's report to suggest that he could not reasonably determine Plaintiff's ability to lift in the range of 10 or 20 pounds, but "concretely" believed that she could not carry more than 10 pounds. Dr. Reed's opinion that Plaintiff amplified her complaints, that it was impossible to evaluate her true limitations, and she could do much more than she claimed would reasonably apply to both lifting and carrying. Plaintiff's argument that the ALJ failed to properly evaluate Dr. Reed's opinion is therefore incorrect.

Plaintiff also argues that the ALJ improperly gave weight to the RFC assessment made by a Single Decisionmaker ("SDM"). The ALJ stated that he gave "great weight to physical State agency review physicians who opined light limitations. (Exhibits 1A, p. 7; 2A, p. 7; 5A, p. 9 and 6A, p. 9)." AR 33. Exhibit 1A, pages 7-8, and Exhibit 2A, pages 7-8, contained the residual functional capacity assessment made by Tara Moran, SDM, on May 11, 2012. Plaintiff cites the Eleventh Circuit decision in *Siverio v. Commissioner of Social Security*, 461 Fed.Appx. 869 (11th Cir. Feb. 23, 2012) (unpublished decision), which states that a Single Decisionmaker who has no apparent medical credentials is not an acceptable medical source and it is error for an ALJ to rely on a Single Decisionmaker's opinion. In *Morgan v. Colvin*, 531 Fed.Appx. 793, 794-95 (9th Cir. June 21, 2013) (unpublished decision), the Ninth Circuit reached the same conclusion, stating that "an ALJ may not accord any weight, let alone substantial weight, to the opinion of a non-physician SDM." Although the SDM's opinion was affirmed by a state agency physician, the court held that this did not render the ALJ's error harmless. The ALJ in *Morgan* apparently made no reference to the state agency physician's opinion. The court therefore remanded the

case to the agency so that the ALJ could determine what weight to give to the opinion of the state agency physician. *Id.*

In *Sanford v. Berryhill*, 2018 WL 3135845 (W.D.Wash. June 27, 2018), the ALJ gave significant weight to a state agency physician's opinion which affirmed a Single Decisionmaker's opinion regarding the claimant's residual functional capacity. The district court distinguished *Morgan* on the ground that ALJ did not refer to the Single Decisionmaker's opinion, "but instead referenced only the medical consultant's opinion. Thus, the ALJ here did exactly what the *Morgan* court intended for an ALJ to do, when confronted with a Single Decisionmaker's opinion that is affirmed by a medical consultant." *Id.* at *3. In *Correa v. Berryhill*, 2018 WL 2254567, at *9 n. 7 (E.D.Cal. May 17, 2018), the court also distinguished *Morgan*, stating that the ALJ's assignment of weight to a Single Decisionmaker's RFC was insufficient to require remand because the assessment was affirmed in its entirety by State agency physician whose opinion the ALJ was obligated to consider. In this case, the ALJ referenced the opinions of "the physical State agency physicians." AR 33. This indicates that the ALJ mistook Ms. Moran for a physician rather than a Single Decisionmaker. The error was harmless, however, because the ALJ specifically referenced the opinion of Dr. Arnow, who adopted the Single Decisionmaker's statement of evidence, but made his own assessment of Plaintiff's residual functional capacity. AR 33, 183.

Plaintiff argues that Dr. Arnow's February 5, 2013 opinion regarding Plaintiff's residual functional capacity assessment was stale by the time the ALJ issued his second decision on June 18, 2015. Plaintiff does not cite any evidence in the record, besides Dr. Reed's report and assessment, that would support her argument that Dr. Arnow's opinion was no longer valid in June 2015 when the ALJ issued his decision. Because Dr. Reed's assessment of Plaintiff's ability to frequently carry up to 10 pounds was not inconsistent with the ability to perform light work, it does not support a rejection of Dr. Arnow's earlier assessment. The credibility issues raised by Dr. Reed's evaluation support the conclusion that Plaintiff's residual functional capacity was significantly greater than what she reported to him and to other physicians.

. . .

## CONCLUSION

Plaintiff has failed to show that the ALJ incorrectly evaluated Dr. Reed's assessment of Plaintiff's residual functional capacity. The ALJ also properly relied on the residual functional capacity assessment by State agency physician, Dr. Arnow. Accordingly,

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Reversal and Remand (ECF No. 20) be **denied**, and that the Defendant's Cross Motion to Affirm (ECF No. 23) be **granted**.

## NOTICE

Pursuant to Local Rule IB 3–2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Dated this 26th of April, 2019.

_____
**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**